# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0733** (Marion County 09-F-127)

**Matthew Allen Delovich, Defendant Below,
Petitioner**

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Matthew Allen Delovich, by counsel Holly Turkett, appeals the Circuit Court of Marion County's May 28, 2014, order revoking his parole and imposing his original sentence of one to five years following his guilty plea to one count of conspiracy to commit a felony. The State, by counsel Derek A. Knopp, filed a response. On appeal, petitioner alleges that the circuit court erred in revoking his parole upon a finding that graduated sanctions were not appropriate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2009, petitioner was indicted on one count of felony destruction of property, one count of receiving or transferring stolen property, and one count of conspiracy. In August of 2009, the circuit court entered a pretrial diversion order whereby the State and petitioner agreed that if petitioner completed a two-year period of supervision, petitioner would not be prosecuted on any felony offenses and would, instead, plead guilty to the misdemeanor offense of petit larceny with a recommendation from the State for a fine of $100. However, approximately one month later, the State filed a motion to revoke petitioner's pretrial diversion and reinstate the matter to the active docket. According to the State, petitioner failed to comply with the terms and conditions of the pretrial diversion order, as evidenced by his arrest for driving under the influence. The circuit court held a hearing on the motion in November of 2009, during which petitioner consented to the pretrial diversion's revocation. The circuit court then granted the motion and ordered that the matter be reinstated to the active docket. In January of 2011, petitioner pled guilty to conspiracy as charged in the third count of the indictment. The circuit court sentenced petitioner to a term of incarceration of one to five years and then suspended petitioner's sentence and placed him on probation for three years.

In February of 2011, the State filed a petition for revocation of probation and alleged that petitioner failed to comply with the terms of his probation, as evidenced by his arrest for second

1

offense driving under the influence. In March of 2011, the circuit court held a final hearing on the petition for revocation, during which petitioner waived his right to the hearing and admitted to the probation violation. The circuit court subsequently entered an order revoking petitioner's probation and imposing the original sentence of one to five years, with credit for time served. However, the following month, petitioner filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In May of 2011, the circuit court granted petitioner's motion, suspended his sentence, and returned him to probation for the remainder of his original three-year term.

In July of 2012, the State filed a petition for revocation of petitioner's probation and alleged that petitioner violated the following terms and conditions: (1) failed to provide a hydrocodone prescription he received in August of 2011 to probation personnel; (2) failed to report to the probation office on October 12, 2011, as directed by his probation officer; (3) failed to report to the probation office on October 14, 2011, as directed by his probation officer; (4) failed to report for an appointment on April 3, 2012, as directed by his probation officer; (5) possessed and consumed methamphetamine on or about May 28, 2012; and (6) committed three counts of false reporting of an emergency incident between May 30, 2012, and June 12, 2012. The circuit court held a final hearing on the petition for revocation in September of 2012, during which petitioner waived his right to the hearing and admitted to the probation violations. The circuit court then ordered petitioner's probation revoked and imposed his original sentence of one to five years, with credit for time served. Petitioner subsequently made a motion for alternative sentencing, and the circuit court then entered an order imposing home incarceration for a period of one year.

In April of 2013, petitioner filed a motion for parole. However, before an order could be entered ruling on this motion, the State filed a petition for revocation and alleged that petitioner had a positive drug screen. Petitioner waived his right to a preliminary hearing on the motion. However, by agreement in July of 2013, petitioner was granted parole. In March of 2014, the State filed a petition for revocation of parole and alleged the following violations by petitioner: (1) failure to comply with the Day Report Center; (2) positive drug screen for marijuana on January 10, 2014; (3) failure to receive permission prior to spending the night at an address other than his approved residence; (4) admission to consuming alcohol while on parole; and (5) positive drug screen for Buprenorphine and Norbuprenorphine on February 28, 2014. In May of 2014, the circuit court held a final revocation hearing, during which petitioner waived his right to the same. The circuit court then heard arguments as to the appropriate disposition. Ultimately, the circuit court revoked petitioner's parole and imposed the underlying sentence of one to five years with credit for time served. It is from the sentencing order that petitioner appeals.

We have previously held that

> "[t]he decision to grant or deny parole is a discretionary evaluation to be made by the West Virginia [Parole Board]. However, such a decision shall be reviewed by this Court to determine if the [Parole Board] abused its discretion by acting in an arbitrary and capricious fashion." Syl. Pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981).

Syl. Pt. 1, *State ex rel. Patton v. Rubenstein*, 213 W.Va. 296, 582 S.E.2d 743 (2003). Further, pursuant to West Virginia Code § 62-11B-12(a)

> in any case where a person has been ordered to home incarceration where that person is not in the custody or control of the division of corrections, the circuit court shall have the authority of the board of probation and parole regarding the release, early release or release on parole of the person.

Additionally, according to West Virginia Code § 62-11B-12(b)

> [a]ny person paroled from a sentence of home incarceration imposed by the provisions of this article shall be supervised by the probation office of the sentencing court . . . . If at any time during the period of parole from home incarceration there is reasonable cause to believe that the person paroled has violated the terms and conditions of his or her parole and the home incarceration was imposed as an alternative sentence to another form of incarceration, he or she shall be subject to the same penalty or penalties as he or she could have received at the initial disposition hearing.

As such, it is clear that the circuit court in this matter had authority to act in place of the parole board.

On appeal, petitioner does not contest that he violated the terms and conditions of his parole. Instead, petitioner argues that the circuit court erred in finding that the graduated sanctions as set forth in West Virginia Code § 62-12-19(a)(2)(B) were not appropriate. Pursuant to West Virginia Code § 62-12-19(a)(2)(B),

> [i]f the Parole Board panel finds that reasonable cause exists to believe that the parolee has violated a condition of release or supervision other than the conditions of parole set forth in subparagraph (A), subdivision (2) of this subsection, the panel shall require the parolee to serve, for the first violation, a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days unless the Parole Board makes specific written findings of fact that a departure from the specific limitations of this paragraph is warranted . . . ."

Specifically, petitioner argues that the circuit court erred in considering evidence of petitioner's prior violations of the pretrial diversion agreement, probation, parole, and home incarceration throughout this matter's protracted history before it. Petitioner also argues that it was error for the circuit court to find that he violated the terms of his parole multiple times before the petition to revoke was filed. Although petitioner admits that this finding is factually accurate, he argues that the parole officer's decision not to file a petition after his first infraction should have required the circuit court to consider this as his first and only parole violation and, as such, impose a period of incarceration of sixty days as set forth in West Virginia Code § 62-12-19(a)(2)(B). The Court, however, does not agree.

First, petitioner cites to no authority prohibiting the circuit court from considering all evidence before it, including the multiple opportunities it provided petitioner to avoid incarceration through various forms of alternative sentencing. In fact, the Court believes this evidence is highly relevant to the circuit court's determination that graduated sanctions were not appropriate in this matter, as that evidence speaks to petitioner's repeated failures to abide by the terms and conditions of these various alternative sentences. Second, it is clear that the circuit court complied with the terms of West Virginia Code § 62-12-19(a)(2)(B) by making specific findings as to why a departure from the limitations of that statute was warranted. Specifically, the circuit court found that imposition of petitioner's original sentence was warranted because of his multiple violations of both home incarceration and parole, and the fact that he was previously granted home incarceration as an alternative sentence for violating probation. Moreover, the circuit court found that petitioner was granted parole from home incarceration in spite of those past violations. As such, the circuit court ruled that a variation from the graduated sanctions was necessary given the specific facts of the case, and we find no abuse of discretion in this ruling.

For the foregoing reasons, the circuit court's May 28, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: **March 7, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II